JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

SAMUEL A. DIAZ,

    Petitioner,

    v.

SCOTT KERNAN, Warden,

    Respondent.

Case No. CV 16-8357-RSWL (DFM)

OPINION AND ORDER

## I.
## INTRODUCTION

On November 9, 2016, Petitioner filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. Dkt. 1 ("Petition").[1] He also filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge, in which he voluntarily consented to having a magistrate judge conduct all proceedings in this case, including ordering the "entry of final judgment."[2] Dkt. 2.

---

[1] All citations to the Petition use the numbering provided by CM/ECF.

[2] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of

The Petition challenges Petitioner's April 2012 convictions by nolo contendre plea for attempted murder and burglary. Petition at 2, 13-14; see also Criminal Case Summary, Sup. Ct. of Cal., Cty. of L.A., www.lacourt.org/criminalcasesummary/ui/aspx (search for trial-court case no. KA097431). Petitioner appears to raise claims for ineffective assistance of counsel, due process violations, and prosecutorial misconduct, among others, and he asserts that he is entitled to "equitable tolling" because he is mentally ill and lacked access to the law library and legal supplies in prison. Id. at 2-3, 11-23. Petitioner previously filed a federal habeas petition challenging his April 2012 convictions, see Petition, No. 15-04122 (C.D. Cal. June 2, 2015), Dkt. 1, which this Court dismissed on June 8, 2015, because it was wholly unexhausted, see Opinion & Order, No. 15-04122 (C.D. Cal. June 8, 2015), Dkt. 4.

Petitioner's instant Petition, like his earlier one, is wholly unexhausted because he still has not presented his claims to the California Supreme Court—

---

judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4."). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 & n.3 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to the action); Carter v. Valenzuela, No. 12-05184, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition); see also Bilbua v. L.A. Sup. Ct., No. 15-3095, 2015 WL 1926014, at *1 n.1 (C.D. Cal. Apr. 27, 2015).

or indeed, to any state court. See Petition at 2-3 (indicating that Petitioner did not directly appeal or file any state habeas petitions); see also Appellate Cts. Case Info., http://appellatecases.courtinfo.ca.gov/index.html (search for party name "Samuel Diaz") (same). Accordingly, as explained below, the Court must dismiss this action without prejudice under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, for failure to exhaust state-court remedies.[3]

## II.
## DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted his state remedies.[4] Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979). Moreover, a claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

---

[3] Rule 4 states that a district court may summarily dismiss a habeas corpus petition before the respondent files an answer "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."

[4] The statute provides two exceptions to this requirement: where "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Neither appears to apply in this case.

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and Cty. of S.F., 968 F.2d 850, 855-56 (9th Cir.1992). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Ct., 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

Here, Petitioner affirmatively states that he has not presented the claims in the Petition to the California Supreme Court either by way of a petition for review or a petition for writ of habeas corpus. See Petition at 2-5; see also Appellate Cts. Case Info., http://appellatecases.courtinfo.ca.gov/search.cfm?dist=2 (search for trial-court case number KA097431). If it were clear that the California Supreme Court would hold that Petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). But it is not "clear" that the California Supreme Court will find that Petitioner's claims are procedurally barred. See, e.g., In re Harris, 5 Cal. 4th 813, 851 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case to invoke an "exception" (see n.4, supra) to the requirement that Petitioner's federal claims be fairly presented to and disposed of on the merits by the state's highest court. Accordingly, the Petition is wholly unexhausted.

In certain limited circumstances, a district court may stay a fully unexhausted petition and hold it in abeyance while the petitioner returns to state court to exhaust his claims. Rhines v Weber, 544 U.S. 269, 277 (2005);

Mena v. Long, 813 U.S. 907, 912 (9th Cir. 2016) (holding that "a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines"). The prerequisites for obtaining a Rhines stay are that: (1) the petitioner show good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims not be "plainly meritless," and (3) the petitioner not have engaged in "abusive litigation tactics or intentional delay." 544 U.S. at 277-78.

Petitioner has not requested a Rhines stay. However, even assuming that he had done so, he does not qualify for one because it appears that he lacks good cause for his failure to exhaust. Petitioner claims, in support of his request for equitable tolling, that he is "mentally ill" and suffers from "developmental disabilities," posttraumatic stress disorder, "D.D.H.D.," and dyslexia. Petition at 20, 22. He asserts that he is "receiving mental health treatment and is a part of the mental health program" in his prison, id. at 22-23, and he attached to his Petition a copy of an "Inmate Priority Pass" showing that he had "Mental Health" appointments on September 19, 2016. id. at 25. But although Petitioner contends that his mental condition was an "extraordinary circumstance" sufficient to warrant equitable tolling, see Petition at 17-21, he fails to describe the nature or severity of his psychological symptoms or explain how they prevented him from raising his claims for the nearly five years since his conviction. Nor does he include any documentary evidence showing his diagnoses, the severity of his condition, or the effect of his mental-health treatment.[5] See Blake v. Baker, 745 F.3d 977, 982 (9th Cir.

---

[5] In October 2016, Petitioner attempted to file in his closed habeas case several documents, including a high-school transcript, emergency-room treatment notes, and state-court records. See Notice of Doc. Discrepancies, No. 15-04122 (C.D. Cal. Oct. 20, 2015), Dkt. 5. The treatment notes show that Petitioner visited an emergency room on March 15, 2012, for treatment of

2014) ("An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust."); Winn v. Foulk, No. 13-02111, 2015 WL 692269, at *5 (E.D. Cal. Feb. 18, 2015) (denying Rhines stay when "there is no documentary evidence to support petitioner's claims regarding his [schizophrenia] diagnosis, the alleged severity of his condition, or his conclusory assertions that his mental illness and treatment prevented him from exhausting his state court remedies"), accepted by 2015 WL 1345323 (E.D. Cal. Mar. 20, 2015). Indeed, despite his asserted disabilities, Plaintiff was apparently able to prepare and file a federal habeas petition more than a year ago, in June 2015. Petition, No. 15-04155 (C.D. Cal. June 2, 2015), Dkt. 1. And although the Court at that time advised Petitioner that he must raise his claims in state court, see Opinion & Order, No. 15-04122 (C.D. Cal. June 8, 2015), Dkt. 4, Petitioner failed to do so; he instead waited more than a year and then filed the instant Petition with a request for equitable tolling.

Petitioner also asserts in support of his equitable-tolling claim that at each of the five prisons where he has been housed, he was "deprived of law library access," legal assistance, his legal documents, and supplies such as pens, papers, law books, and envelopes. Petition at 19-20. But Petitioner fails to describe those limitations or explain when during the nearly five years since his conviction they existed. Thus, his conclusory allegations fail to establish good cause for his failure to exhaust his claims in state court. See Blake, 745 F.3d at 982 ("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."); Corona v. On Habeas Corpus, No. 15-4748, 2016

---

lacerations to both hands, which were noted to be a suicide attempt. Id. at 7-26. The notes do not contain any other mental-health diagnoses or clinical findings. Id.

WL 2993960, at *4 (C.D. Cal. Jan. 13, 2016) (finding that petitioner's "unsupported, vague, and conclusory statement is insufficient to show 'good cause' for a stay under Rhines"), accepted by 2016 WL 2993950 (C.D. Cal. May 22, 2016); Hernandez v. California, No. 08-4085, 2010 WL 1854416, *2-3 (N.D. Cal. May 6, 2010) (concluding that limited education, lack of legal assistance, and routine restrictions on law library access were insufficient to satisfy Rhines good-cause requirement); Hamilton v. Clark, No. 08-1008, 2010 WL 530111, at *2 (E.D. Cal. Feb.9, 2010) ("Ignorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to exhaust.").

The Petition therefore must be dismissed as wholly unexhausted.[6]

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice for failure to exhaust state remedies.

Dated: January 12, 2017

DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[6] As Petitioner appears to acknowledge in asking for equitable tolling, the Petition is likely untimely because he was convicted in June 2012 but did not file his Petition until November 2016, more than four years later. See 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 8.308(a).